*582 OPINION.
Littleton :
The Board is without jurisdiction to make a determination as to the year 1919 in the proceeding of the estate of Bobert G. Miller, in which the Commissioner has held an overassessment. Cornelius Cotton Mills, 4 B. T. A. 255.
Section 214 (a) (4) of the Revenue Act of 1918 provides that in computing net .income there shall be allowed as deductions losses *583 sustained during the taxable year when not compensated for by insurance or otherwise, if incurred in the trade or business, and the question in these proceedings is whether a deductible loss was sustained in 1919 and 1920 when the partnership, of which these petitioners were members, paid in those years certain notes given by another partnership in 1910 of which they were also members. We think there was not. Gains and losses of a partnership following the accrual method of accounting were gains and losses of partners notwithstanding the partners followed the receipts and disbursements method of accounting. J. A. Bentley, 5 B. T. A. 314; Percival H. Truman, 3 B. T. A. 386; Maxwell E. Bessell, 3 B. T. A. 567; Anton M. Meyer, 3 B. T. A. 1329.
The business of the partnership is the individual business of the several members thereof, they were jointly and severally liable for the obligations of the partnership unless properly limited, which was not true in these cases, and the profits of the partnership belong to the partners as soon as earned. Whatever loss the partnership of which these petitioners were partners sustained prior to the taxable years was the loss of the individual partners, and the fact that notes enforceable against the individual partners were given in 1910 and not paid until 1919 and 1920 did not, in the opinion of the Board, postpone the loss until the later years. These proceedings are to be distinguished from the case of Herschel V. Jones, 1 B. T. A. 1226. The Jones case concerned the agreement of the other partner in 1904 to reimburse another partner for the loss of his investment, which agreement was without consideration and was not enforceable. It was carried out in 1920 by the payment of a specified amount which the Board allowed Jones to deduct in 1920 as a loss. The amount which Jones agreed to pay Hill was in no wise a loss of Jones in 1924 but was a loss of Hill just as we think the loss of the Miller Brothers partnership when it failed in 1910 was the loss of the individual partners thereof.

Judgment will he entered for the respondent in both proceedings.